# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-0790V**

|  |  |
|---|---|
| RONALD SAMSON,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: October 6, 2025 |

*Dustin Lee Van Dyk, Palmer, Leatherman & White, LLP, Topeka, KS, for Petitioner.*

*Alec Saxe, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On May 22, 2024, Ronald Samson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS"), a defined Table injury, after receiving an influenza ("flu") vaccine on October 19, 2021. Petition at 1 ¶¶ 2, 19, 23. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 5, 2025, I issued a ruling on entitlement, finding Petitioner entitled to compensation for his GBS. On October 6, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $360,256.00 for pain and suffering and lost earnings and $1,082.57, representing compensation for satisfaction of the State of Iowa Medicaid lien. Proffer at 2. In the Proffer, Respondent represented

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the following is awarded:

**A. A lump sum payment of $360,256.00, representing compensation for Petitioner's pain and suffering and lost wages, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

**B. A lump sum of $1,082.57, representing compensation for satisfaction of the State of Iowa Medicaid lien, in the form of a check payable jointly to Petitioner and:**

**Carelon
Recovery Services
P.O. Box 659940
San Antonio, TX 78265-9939
Attn: Melissa Thiergartner
Ref: Ronald Samson, File No. 157247994.**

**Petitioner agrees to endorse the check to Carelon.** Proffer at 3. These amounts represent compensation for all damages that would be available under Section 15(a). *Id.*

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

RONALD SAMSON,

              Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

              Respondent.

No. 24-790V (ECF)
Chief Special Master Corcoran

## PROFFER ON AWARD OF COMPENSATION[1]

On May 22, 2024, Ronald Sampson ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that he suffered the Vaccine Injury Table condition of Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccination he received on October 19, 2021. Petition at 1 (ECF No. 1). On March 3, 2025, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury. ECF No. 21. On March 5, 2025, the Chief Special Master issued a Ruling on Entitlement finding that petitioner is entitled to vaccine compensation. ECF No. 22.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

## I.     Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

### A. <u>Pain and Suffering & Lost Earnings</u>

Based on the evidence of record, respondent proffers that petitioner should be awarded **$360,256.00** in pain and suffering damages and in lost earnings related to his vaccine-related injury.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B. <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy a Medicaid lien in the amount of **$1,082.57**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Iowa may have against any individual as a result of any Medicaid payments the State of Iowa has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury, suffered on or about October 19, 2021, under Title XIX of the Social Security Act.  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.     Form of the Award/Recommended Payment

The parties recommend that the compensation provided to petitioner should be made through lump sum payments as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

A.  A lump sum payment of **$360,256.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Ronald Samson; and

B.  A lump sum payment of **$1,082.57**, representing compensation for satisfaction of a State of Iowa Medicaid lien, in the form of a check payable jointly to petitioner and:

Carelon
Recovery Services
P.O. Box 659940
San Antonio, TX 78265-9939
Attn.: Melissa Thiergartner
Ref: Ronald Samson, File No. 157247994

Petitioner agrees to endorse the check to Carelon.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

*/s/ Alec Saxe*
ALEC SAXE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Telephone:  (202) 353-7722
Email:  Alec.Saxe@usdoj.gov

Dated: October 6, 2025